### 17452. RILEY *et al.* v. THE STATE.

1. It was not error to admit in evidence the knife taken from the pocket of the defendant Riley, there being evidence from which the jury could conclude that he participated in the cutting, that he confessed to so' doing, and that the knife had blood on it.

2. The conviction of Riley did not rest solely upon circumstantial evidence, and the court did not err in failing to give in charge section 1010 of the Penal Code (1910). *Nobles* v. *State,* 127 *Ga.* 213 (5) (56 S. E. 125).

(*a*) Being based on the hypothesis that the evidence against Riley was entirely circumstantial, grounds 14 and 15 of the motion for a new trial are without merit.

3. Exception 16 was: "Because all the testimony of officer Leathers, witness for the State, except that portion stating that he is the arresting officer, was incompetent and inadmissible." It not appearing that any objection was made in the trial court to the introduction of this evidence (*Andrews* v. *State,* 118 *Ga.* 1, 43 S. E. 852), and the evidence constituting about two and a half pages of typewritten matter, much of which was admissible (*Buffington* v. *State,* 33 *Ga. App.* 162 (4), 125 S. E. 725), this exception is clearly without merit.

4. The evidence supports the verdict.

DECIDED OCTOBER 5, 1926. REHEARING DENIED NOVEMBER 9, 1926.

Assault with intent to murder: from Fulton superior court—Judge Howard. May 1, 1926.

---

Criminal Law, 16 C. J. p. 618, n. 34; p. 619, n. 36; p. 1009, n. 6; 17 C. J. p. 56, n. 16.

Homicide, 30 C. J. p. 318, n. 96.

*T. C. Denmark, E. R. Hill, L. S. Maritzer,* for plaintiffs in error.
*John A. Boykin, solicitor-general, J. W. LeCraw,* contra.

LUKE, J. Sidney Tennant, alias Tenner, and Henry Riley were jointly accused of assault with intent to murder, in that they did "cut and wound one S. C. Gregory" with a knife. They were jointly tried and were convicted of the offense charged. With a few exceptions, which will be referred to later, the grounds of motion for a new trial were merely elaborations of the general grounds, the real question for determination being whether the evidence was sufficient to support the verdict.

The alleged assault occurred at about eleven o'clock on the night of January 18, 1926, at a point on Victoria street about thirty feet from Elliott street, in the city of Atlanta. Gregory testified substantially as follows: In company with two unknown white men he was seeking whisky. While he was talking to a negro man two other negro men, or boys, came up. One of them came up to the witness with something in his hand, and said, "Give us what you have got." The negro did not talk distinctly, but witness understood him to say that. Witness knocked the man down with his fist and struck the other man. They hit him. He had a lick on the right side of his head, and remembered nothing after that. $5 was taken from his pocket. The two white men left, and were not seen again. Witness was cut and stabbed in his leg. He remained in the hospital ten days. He testified further, "I have not the same use of my legs now that I had before. I have good use of my knee, but no use of my ankle and foot at all." Witness had a drink of whisky about an hour before the difficulty, but was not drunk.

Eddie Irby testified, that while he and Henry Riley were standing in front of his door, three white men came up and called across the street to know if he and Riley could get them some whisky. Gregory gave Riley some money, and Riley went off and brought back two pints of whisky. Gregory took one pint and gave a half pint to each of the two white men. When Riley returned Tennant came up behind him. Tennant asked witness what was the trouble. Gregory asked Tennant who he was talking to, and Tennant replied that he was not talking to him. When Tennant got nearer, Gregory slapped him backward in the street. Tennant did nothing to cause the blow. Tennant got up and Gregory hit him again, "and

they both went together and fell in the street, and Tennant began cutting him with his knife." Riley was looking on while witness was trying to pull Tennant off Gregory. The other white men left when the fight started. When witness carried Tennant home Gregory was in the street, trying to get up. On cross-examination Irby testified, that when Gregory knocked Tennant down and Tennant arose and asked why he had been hit, Gregory told him he would kill him, and struck him again; that they fell down, and Gregory was on top, beating Tennant with his first; that Tennant then got on top; that Riley took no part in the affair except to assist witness in pulling Tennant off of Gregory; and that Tennant pulled his knife while Gregory was on top of him beating him.

Referring to a time three or four days after the difficulty, and to Tennant, Riley, and Irby, T. H. Leathers, a city policeman testified: "We went to the houses and got them out of bed . . , and all three admitted being there when the fight took place. Tennant told us that he took part in it, and that the fellow knocked him down in the street, and that he hit him back and then he ran. He said Riley was the man that cut him. He said he left Riley there. Riley would not have very much to say about it; he kind of played mute. I asked Tennant where the knife was. He claimed he did not know which one did the cutting, but he knew there was a man cut. Riley did not say whether he did the cutting or not, right at the time. Later on he admitted to us in the courtroom that they all three did the cutting. Riley did not say whether it was his knife or the other fellow's that did the cutting. We got the knife off of Riley, and Tennant's knife, he left it at the house when we arrested him. It was almost the same kind of knife as this. I examined the knife at that time. . . It looked to be dried blood on it. I took this knife away from Riley at that time. . . We found a knife on each one of the boys. The other one is at the police station. . . They freely and voluntarily told me all about it. Mr. Waters [another policeman] took this knife from Riley's pocket. He did not deny his ownership of the knife. We found a knife on Tennant and left it at his home."

The evidence supports the verdict, and the court did not err in overruling the motion for a new trial. The headnotes require no elaboration.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*